▪ In the Matter of the Claim of BERTRAM ASSERSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.—AULISI, J. Appeal from a decision of the Unemployment Appeal Board which disqualified claimant from receiving benefits on the ground that he without good cause refused employment for which he was fitted. Claimant, a maritime engineer and a member of a union known as the Marine Engineer's Beneficial Association (MEBA) for more than 15 years, was employed on private ships which were under contract with said union. While unemployed, he was on July 25, 1963 offered a nonunion Federal civil service position with the Military Sea Transport Service (MSTS), a department of the U. S. Navy, at $600 per month — the same base pay he received in the private shipping industry. He refused this offer contending that the compensation and conditions were substantially less favorable than those prevailing for similar work. The Commissioner, the Referee and the Appeal Board have all held that the refusal was unjustified. The pertinent statute (Labor Law, § 593, subd. [2]) provides: "No refusal to accept employment shall be deemed without good cause nor shall it disqualify any claimant otherwise eligible to receive benefits * * * (d) the wages or compensation or hours or conditions offered are substantially less favorable to the claimant than those prevailing for similar work in the locality". The parties are agreed that fringe benefits are to be considered part of over-all compensation. The evidence here shows that in private employment claimant's MEBA pension would cost him nothing, while in MSTS employment six and one half per cent of each pay check would be deducted for the civil service pension plan; that life and health insurance would be furnished free by MEBA in private employment, but would be subject to a payroll deduction in MSTS employment; that there was provision for more vacation time in private employment; that uniforms at a cost of $200 were required with MSTS while none were necessary in private employment; and that grievance procedures and provisions for back pay were more liberal in private employment. As to the first two of these factors, the board states that claimant's contributions to the MSTS pension plan would remain his property and would be available to him upon the termination of his employment, and that he was not required to buy life and health insurance offered in MSTS employment. There is evidence, however, that while claimant's accumulated rights in his MEBA pension would not be jeopardized were he to take MSTS employment, his pension share would not continue to be increased as it would if he remained in private employment. The board's finding as to life and health insurance hardly meets the argument that in private employment claimant would in fact receive such coverage at no cost. The findings on these two points and the lack of findings as to the other fringe benefits together with the board's basic failure to consider whether these were "similar" employments as discussed in *Matter of Shotkin (Catherwood)* (10 A D 2d 738) and in *Matter of Matyevich (Catherwood)* (15 A D 2d 387) lead us to consider the board's decision inadequate for purposes of judicial review. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.